### HUFF *v.* WATSON, sheriff, *et al.*

BECK, P. J. Where in the year 1918 habeas corpus proceedings were instituted to effect the release from the custody of the sheriff of one charged with being a deserter from the United States Army, the court did not err in dismissing the proceedings, it not appearing on the face of the petition that the party alleged to be deprived of his liberty and unlawfully detained in custody was not in fact a deserter. Where one is a deserter from the Army of the United States it is lawful for any sheriff or his deputy, constable, town marshal, and certain other officers to arrest such deserter, hold him in custody, and deliver him to the proper military authorities; and they can summarily effect this arrest. U. S. Comp. St. 1916, §§ 2296, 2297. And where the custody of the person alleged to be thus detained is taken in effectuating these provisions of the United States statute, it is not unlawful.

             *Judgment affirmed. All the Justices concur.*
             No. 1136. MAY 15, 1919.

Habeas corpus. Before Judge Flynt. City court of Dublin. July 8, 1918.

*W. A. Dampier,* for plaintiff.

---

### BIBB MANUFACTURING Co. *v.* GEORGIA RAILWAY & POWER Co.

HILL, J. Under the pleadings and the evidence in this case the court did not abuse its discretion in refusing the injunction.

             *Judgment affirmed. All the Justices concur.*
             No. 1144. MAY 15, 1919.

Petition for injunction. Before Judge Bell. Fulton superior court. August 29, 1918.

*Hardeman, Jones, Park & Johnston* and *Little, Powell, Smith & Goldstein,* for plaintiff.

*Colquitt & Conyers,* for defendant.